UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TOMMY EDWARD JACKSON,

          Plaintiff,

v.                                             Case No. 22-CV-400

DOMINIQUE MCQUEEN,

          Defendant.

---

### ORDER ON MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE AND REPORT AND RECOMMENDATION SCREENING COMPLAINT[1]

---

Tommy Edward Jackson, a prisoner confined at the Brown County Jail, sues his attorney Dominique McQueen pursuant to 42 U.S.C. § 1983. (Docket # 1.) On March 25, 2022 along with his complaint, Jackson filed a motion for leave to proceed without prepaying the filing fee. The Prison Litigation Reform Act applies to this case because Jackson was incarcerated when he filed his complaint. That statute allows prisoners to proceed without prepaying the full filing fee if, when they have assets or means, they first pay an initial partial filing fee. 28 U.S.C. § 1915(b).

On June 21, 2022, the Court ordered Jackson to pay an initial partial filing fee of $6.00 within thirty days or advise the Court in writing why he was unable to submit the assessed amount. (Docket # 8.) On August 15, 2022, the Court received a letter from Jackson dated August 11, 2022 stating that he did not receive the June 21, 2022 letter until July 24, 2022 and

---

[1] Because the defendant has not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of the plaintiff's complaint. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461(7th Cir. 2017).

that he requested the payment of the initial partial filing fees from the Brown County Jail's accounting department for two of Jackson's other cases, *Jackson v. Supervisor for Aramark et al.*, Case No. 22-CV-831 and *Jackson v. Emily et al.*, 22-CV-939. (Docket # 9.) Jackson does not, however, specifically address the initial partial filing fee due in this case. (*Id.*) To date, the Court has still not received Jackson's fee. Jackson was warned that failure to timely pay the initial partial filing fee would result in denial of the motion and dismissal of the action. (*Id.* at 3.) Thus, Jackson's complaint could be dismissed on this basis alone.

However, even if Jackson had timely paid the initial partial filing fee, his complaint must be dismissed for lack of jurisdiction. Jackson alleges that his attorney violated his constitutional rights by not "represent[ing] [him] the right way." (Docket # 1 at 2.) Jackson alleges that Attorney McQueen does not answer his telephone calls or visit him. (*Id.*) He states that he filed a complaint against her with the Office of Lawyer Regulation and alleges that his case could have been resolved if Attorney McQueen "did her job." (*Id.* at 3.)

A defense attorney, even an appointed public defender, does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981). Because Attorney McQueen was not a state actor and did not act under color of state law, she cannot be sued under § 1983 and this court lacks federal question jurisdiction.

To the extent Jackson is asserting a claim for legal malpractice, that is a state, not a federal, cause of action. Therefore, subject matter jurisdiction, if it exists at all, must be based on diversity. In order to support diversity jurisdiction under 28 U.S.C. § 1332, two basic requirements must be satisfied: (1) complete diversity of citizenship between the plaintiffs and the defendants and (2) the proper amount in controversy (more than $75,000). *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001). While Jackson asks for $600,000 in damages,

2

thus meeting the second requirement, he is unable to meet the first requirement as it appears that both he and Attorney McQueen are citizens of Wisconsin. The court, therefore, lacks diversity jurisdiction. For this reason also, I recommend that this action be dismissed.

**NOW, THEREFORE, IT IS ORDERED** that Jackson's motion for leave to proceed without prepaying the filing fee (Docket # 2) is **DENIED** based on his failure to pay the initial partial filing fee.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. §1915(b)(1), Jackson must pay the $350 statutory filing fee. Accordingly, the agency having custody of Jackson shall collect from his institution trust account the $350 statutory filing fee by collecting monthly payments from Jackson's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Jackson is transferred to another institution, the transferring institution shall forward a copy of this Order along with Jackson's remaining balance to the receiving institution.

**IT IS FURTHER RECOMMENDED** that this action be dismissed for failure to pay the initial partial filing fee and/or for lack of subject matter jurisdiction.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing

procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 2nd day of September, 2022.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge

4

Case 2:22-cv-00400-WCG   Filed 09/02/22   Page 4 of 4   Document 11